UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIANNE AUSTERBERRY,

    Plaintiff,

    v.

WELLS FARGO HOME MORTGAGE,

    Defendant.

_____/

Case No. 15-cv-13297

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS [6]**

**I. INTRODUCTION**

On August 18, 2015, Plaintiff Marianne Austerberry ("Plaintiff") commenced this action in the Circuit Court of Oakland County, Michigan. Dkt. No. 1, p. 2, ¶ 1 (Pg. ID No. 2). Plaintiff's Complaint alleged counts of wrongful foreclosure; violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, *et seq.*; negligence; breach of contract; and silent fraud and fraudulent misrepresentations. *See* Dkt. No. 1-2, pp. 7–17 (Pg. ID No. 16–26). Defendant Wells Fargo ("Defendant") removed the case to federal court on September 17, 2015. *See* Dkt. No. 1, p. 1 (Pg. ID No. 1).

The matter is presently before the Court on Defendant's Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 6, p. 1 (Pg. ID No. 49). Plaintiff opposes the Motion and filed a response brief on October 11, 2015, to which Defendant replied on October 26, 2015. *See* Dkt. No. 10, 12. For the reasons discussed herein, the Court will **GRANT** in part and **DENY** in part Defendant's Motion to Dismiss [6].

-1-

## II. BACKGROUND

On September 3, 2004, Plaintiff obtained a loan (the "Loan") in the amount of $128,400.00 from World Savings Bank, FSB ("Lender"). Dkt. No. 6, p. 12 (Pg. ID No. 60). To evidence the loan, Plaintiff executed a promissory note (the "Note") secured by a mortgage (the "Mortgage") on real property, located at 1515 Larkmoor Boulevard, Berkley, Michigan 48072 (the "Property"). *See id*. Defendant Wells Fargo is Lender's successor by merger. *Id*.

Plaintiff was fired from her job in or around February 2012, and stopped making loan payments in May 2013. Dkt. No. 1-2, p. 4, ¶¶ 7–8 (Pg. ID No. 13). She requested mortgage assistance from Defendant in June 2013. *See id*. at ¶ 9. In January 2014, Defendant informed Plaintiff that her home was in active foreclosure status, although no sale date was scheduled. *See id*. at ¶ 18.

Plaintiff secured new employment in October 2014 and her counsel contacted Defendant. *See id*. at ¶ 24. Defendant informed Plaintiff's counsel that the foreclosure sale was scheduled for October 28, 2014. *See id*. at ¶ 25. Attempting to adjourn the foreclosure sale, Plaintiff received and completed new loan modification documents in November 2014. *See id*. at ¶¶ 26–27. The foreclosure sale was adjourned two times, prior to proceeding on February 17, 2015. *See id*. at ¶¶ 29–30, 34. Defendant purchased the Property for $89,285.00 at the Sheriff's Sale and recorded the deed on February 25, 2015. *See* Dkt. No. 6, pp. 12–13 (Pg. ID No. 60–61). Plaintiff did not redeem the Property prior to the redemption period ending on August 17, 2015. *See id*. at 13.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss pursuant to

Rule 12(b)(6), a complaint must comply with the pleading requirements of Federal Rule of Civil Procedure 8(a). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted) (quoting FED. R. CIV. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678–80 (2009) (applying the plausibility standard articulated in *Twombly*).

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of his or her factual allegations as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). However, the Court need not accept mere conclusory statements or legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678.

In ruling on a motion to dismiss, the Court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). This may include "documents relating the note, mortgage, assignment, loan modification process, and foreclosure that are referenced in the

complaint and integral to [plaintiff's] claims." *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 365 (6th Cir. 2014).

## IV. DISCUSSION

### A.    The Court Will Dismiss Plaintiff's Wrongful Foreclosure Claim

Plaintiff alleges in Count I of her Complaint that Defendant failed to follow the foreclosure process specified in Mich. Comp. Laws § 600.3201, *et seq*. Specifically, Plaintiff asserts Defendant:

> a. Fail[ed] to properly calculate the amount claimed to be due on the date of the notice of foreclosure;
>
> b. Fail[ed] to post notice of the foreclosure sale on the Subject Property;
>
> c. Fail[ed] to publish notice of the foreclosure sale for four consecutive weeks in the newspaper;
>
> d. [Failed to] [p]roperly publish notice of adjournment in accordance with [Mich. Comp. Laws §] 600.3220; and
>
> e. Fail[ed] to follow RESPA, the Real Estate Settlement Procedures Act (12 U.S.C. § 2601 et seq.) and its implementing regulation, Regulation X, 24 C.F.R. § 3500, and its additional regulations added and effective on [January 10, 2014], specifically 12 C.F.R. § 1024.38 and 12 C.F.R. § 1024.41, which are written into Plaintiff's mortgage contract.

Dkt. No. 1-2, pp.7–8, ¶ 38 (Pg. ID No. 16–17). As relief for this claim, Plaintiff seeks to set aside the sheriff's deed, order Defendant to evaluate Plaintiff for home retention options, and obtain any other relief that the Court "deems just and equitable." *Id*. at 8. Defendant contends that this claim is invalid because Plaintiff failed to provide factual support for her "speculative and conclusory" claims and did not show any resulting prejudice. *See* Dkt. No. pp. 15–23 (Pg. ID No. 63–71).

"[D]efects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*." *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115, 825 N.W.2d 329, 336 (2012). A plaintiff must show that she was prejudiced by a defendant's failure to comply with Mich. Comp Laws § 600.3204 to set aside a foreclosure sale. *Id*. To establish prejudice, plaintiffs must show that "they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Kim*, 825 N.W.2d at 337. Such prejudice may be shown if the plaintiff demonstrates an ability to redeem the property prior to the end of the redemption period. *See Derbabian v. Bank of Am., N.A.*, 587 F. App'x 949, 956 (6th Cir. 2014).

"A mortgagor 'has not plausibly alleged such prejudice' if 'she has not alleged that she qualified for loan modification before the sheriff's sale.' " *Id*. (quoting *Olson v. Merrill Lynch Credit Corp.*, 576 Fed. Appx. 506, 512 (6th Cir. 2014)). "When 'the mortgagor would have been in no better position had notice been fully proper and the mortgagor lost no potential opportunity to preserve some or any portion of his interest in the property,' courts uphold a completed foreclosure sale." *Lessl v. CitiMortgage, Inc.*, 515 F. App'x 467, 469 (6th Cir. 2013) (quoting *Jackson Inv. Corp. v. Pittsfield Products, Inc.*, 162 Mich. App. 750, 756 (1987)).

### i.      Miscalculation of Amount Claimed to Be Due

Plaintiff's argument that Defendant miscalculated the amount claimed to be due on the date of the notice of foreclosure is not elaborated on or supported by factual allegations in the Complaint. Plaintiff also does not address this issue in her response, despite the argument against this claim in Defendant's Motion to Dismiss. Furthermore, Plaintiff has made no attempt to allege prejudice or a causal relationship between the miscalculation and prejudice. Since Plaintiff failed to provide any factual support for this allegation, it is dismissed.

###### ii.    Failure to Post and Publish Notice of Foreclosure Sale and Adjournment

Similar to the miscalculation claim above, Plaintiff also did not provide any factual support for her claims that Defendant did not post notice of the foreclosure sale on her property and did not publish notice for four consecutive weeks. Plaintiff's Response to Defendant's Motion to Dismiss also neglected to mention these allegations. As Defendant noted, Plaintiff's Complaint explicitly states that Defendant provided notice of the February 2015 foreclosure sale. *See* Dkt. No. 6, p. 16 (Pg. ID No. 64). Furthermore, Defendant provided two sworn affidavits evidencing that foreclosure notice was posted in a conspicuous place on the property on September 26, 2014 and published in the Oakland County Legal News on September 24, October 1, October 8, and October 15, 2014. Dkt. No. 6-5, pp. 5–6 (Pg. ID No. 112–13). Accordingly, based on the facts presented and Plaintiff's failure to argue on this point or rebut Defendant's argument, this allegation is dismissed.

###### iii.    Failure to Post and Publish Notice of Adjournment

Plaintiff also claims that Wells Fargo did not properly publish notice in accordance with Mich. Comp. Laws § 600.3220, but again did not provide any factual allegations or arguments on the issue. Defendant similarly failed to make any arguments regarding notice of adjournment, instead relying on notice of the foreclosure sale itself. *See* Dkt. No. 6, p. 16 (Pg. ID No. 64). Considering the absence of factual allegations, evidence, and argument on this claim, the Court finds that the pleadings fail to satisfy the lenient standard necessary to survive a 12(b)(6) motion. *See Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions . . . ."). Since

Plaintiff's only allegations on this point are the conclusory allegation that Defendant failed to comply with Mich. Comp. Laws § 600.3220, this allegation is dismissed.

### iv.    Failure to Follow RESPA

In the final allegation under Plaintiff's wrongful foreclosure claim, she asserts that Defendant failed to follow RESPA and Regulation X, "specifically 12 C.F.R. § 1024.38 and 12 C.F.R. § 1024.41," without detailing which subsections Defendant allegedly violated. Defendant counters that since Plaintiff's RESPA claims in Count I relate to her request for a loan modification, they do not show a defect in the foreclosure process necessary in a claim of wrongful foreclosure. *See* Dkt. No. 6, p. 17 (Pg. ID No. 65).

Plaintiff's Response argues that her prejudice from being improperly evaluated for a loan modification under RESPA satisfies the standard for prejudice as stated in *Kim*. *See* 493 Mich. at 115–16, 825 N.W.2d at 337 ("To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute."). Such a claim goes against Sixth Circuit precedent, which clearly states that "[a]n alleged irregularity in the loan modification process . . . does not constitute an irregularity in the foreclosure proceeding." *Campbell v. Nationstar Mortgage*, 611 F. App'x 288, 294 (6th Cir. 2015) *cert. denied*, 136 S. Ct. 272 (2015) (finding the district court properly dismissed plaintiff's two mortgage-foreclosure cases where plaintiff alleged prejudice deriving solely from a failure to receive a loan modification); *see also Ashford v. Bank of Am., N.A.*, No. 13–12153, 2013 WL 5913411, at *3 (E.D. Mich. Oct. 31, 2013) (concluding that the manner in which the defendant "handled potential loss mitigation or modification . . . has no bearing on the foreclosure procedure itself"); *Shamoun v. Fed. Nat'l Mortg. Assoc.*, No. 12–15608, 2013 WL 2237906, at *4 (E.D. Mich. May 21, 2013) (concluding that allegations that

defendant prevented plaintiff from entering into a loan modification were insufficient to justify setting aside the foreclosure sale).

Accordingly, as Plaintiff's allegations under RESPA arise out of the loan modification process, rather than the foreclosure process, her RESPA allegations within her wrongful foreclosure claim are properly dismissed.

### v.    Demonstration of Prejudice Stemming from Violations

Had Plaintiff adequately pled factual allegations giving rise to an irregularity in the foreclosure process, she would also need to establish that these irregularities prejudiced her in order to survive a motion to dismiss. Defendant contends, and the Court agrees, that she did not.

As mentioned above, Plaintiff's allegations of prejudice derive solely from the loan modification process. Plaintiff stated that "she was prejudiced by the improper evaluation for a loan modification" because if properly evaluated, she "would not be facing the prospect of losing her home to foreclosure." Despite Plaintiff's reliance on *Kim*, the case does not support her position that an improper evaluation for loan modification is sufficient prejudice to void a foreclosure sale. *See Derbabian*, 587 F. App'x at 956 (determining that a plaintiff's argument that she was not offered a loan modification was insufficient to establish prejudice); *Clark v. Ocwen Loan Servicing, LLC*, No. 1:15-CV-659, 2015 WL 6159447, at *3 (W.D. Mich. Oct. 20, 2015) (finding an argument for prejudice premised on a failure to respond to a loan modification request did not state a claim for wrongful foreclosure).

Plaintiff acknowledges that she was informed that her house was scheduled for foreclosure sale as early as October 2014. She does not dispute that she defaulted on her mortgage. She did not assert that she qualified for a loan modification, only that she was not properly evaluated. Plaintiff alleges no facts that indicate she took action to redeem the Property

or had the financial ability to do so. *See Derbabian*, 587 F. App'x at 956 (finding plaintiffs did not adequately plead prejudice where they failed to allege an ability to redeem the property or pay off the debt owed). Consequently, the record does not support the conclusion that Plaintiff alleged prejudice necessary to state a claim for wrongful foreclosure. The Court will dismiss Count I of Plaintiff's Complaint.

**B.      The Court Will Not Dismiss Plaintiff's RESPA Claim Under § 1024.41**

In her second count, Plaintiff claims that Defendant violated 12 C.F.R. §§ 1024.38 and 1024.41, which she seeks to enforce under RESPA, 12 U.S.C. § 2605(f). Dkt. No. 1-2, pp. 8–12, ¶¶ 37–48 (Pg. ID No. 17–21). For relief, Plaintiff asks the Court to set aside the Sheriff's Sale, order Defendant to conduct a proper evaluation of her loan for modification, and award her damages, including emotional damages, elimination of all arrearage added to her loan, costs, attorney fees, the fair market value of her home, her down payment, and home equity. *See id*. at 11–12. For the reasons detailed below, the Court will decline to dismiss Plaintiff's claim under § 1024.41.

**i.      12 C.F.R. § 1024.38**

Plaintiff's allegations under § 1024.38 state that Defendant participates in the Home Affordable Mortgage Program (HAMP), which required Defendant to suspend the Sheriff's Sale if loan modification documents were submitted seven days before the sale was to take place. *Id*. at ¶ 45. Although Defendant did not address this subsection in its Motion to Dismiss, review of the regulation and related cases makes clear that Plaintiff's allegations under § 1024.38(b)(2) fail.

Section 1024.38 sets forth servicing policies, procedures, and requirements, one of which is "[p]roperly evaluating loss mitigation applications." 12 C.F.R. § 1024.38(b)(2). However,

unlike § 1024.41, discussed below, § 1024.38 does not include a provision that allows borrowers

to enforce provisions of the section pursuant to section 6(f) of RESPA. The Consumer Financial

Protection Bureau explained in its official interpretation of § 1024.38:

> Ultimately, the Bureau agrees with the commenters that allowing a private right
> of action for the provisions that set forth general servicing policies, procedures,
> and requirements would create significant litigation risk … The Bureau believes
> that supervision and enforcement by the Bureau and other Federal regulators for
> compliance with and violations of § 1024.38 respectively, would provide robust
> consumer protection without subjecting servicers to the same litigation risk and
> concomitant compliance costs as civil liability for asserted violations of
> § 1024.38.

Mortgage Servicing Rules Under the Real Estate Settlement Procedures Act (Regulation X), 78

Fed. Reg. 10696, 10778–79 (Feb. 14, 2013) (restructuring the final rule so that private liability

for violations of § 1024.38 is not provided). Based on the official interpretation of the regulation,

the Court concludes that while Plaintiff is protected by § 1024.38(b)(2), she lacks a private right

of action to enforce the rule provision against Defendant. *See Smith v. Nationstar Mortgage*, No.

15-cv-13019, 2015 WL 7180473, at *4 (E.D. Mich. Nov. 16, 2015) (holding that violations of

§ 1024.38 cannot support a private action); *Andrade v. Carrington Mortgage Servs., LLC*, No.

15-cv-713, 2015 WL 7108119, at *3 (W.D. Mich. Nov. 13, 2015) (same); *Sharp v. Deutsche

Bank Nat. Trust Co.*, No. 14-cv-369-LM, 2015 WL 4771291, at *6–7 (D.N.H. Aug. 11, 2015)

(same).

### ii.    12 C.F.R. § 1024.41

Plaintiff also advances a claim under four subsections of § 1024.41, which does provide

for a private cause of action. 12 U.S.C. § 1024.41(a) ("A borrower may enforce this provision of

this section pursuant to section 6(f) of RESPA (12 U.S.C. 2605(f))."). Defendant argues that

Plaintiff's § 1024.41 claim fails for two reasons: first, Defendant argues that they were only

-10-

required to consider one of Plaintiff's two submitted loan modification applications in December 2013 and November 2014; and second, Defendant contends that Plaintiff's claim fails to allege actual damages, necessary to maintain a RESPA claim. Dkt. No. 6, pp. 23–27 (Pg. ID No. 71–75).

Plaintiff's claims arise under subsections (c), (d), (f) and (g) of § 1024.41. *See* Dkt. No. 1-2, pp. 8–12, ¶¶ 37–48 (Pg. ID No. 17–21). Subsection (c) requires a servicer to promptly evaluate all loss mitigation options available to the borrower and provide the borrower with a notice in writing stating the servicer's determination if the servicer receives a complete loss mitigation application more than 37 days before a foreclosure sale. 12 C.F.R. § 1024.41(c). Subsection (d) requires the servicer to provide specific reasons for the servicer's determination in the notice of the denial of loan modification options to the borrower, as well as whether the borrower was not evaluated on other criteria. 12 C.F.R. § 1024.41(d). Subsection (f) prohibits the servicer from making the first notice or filing for the foreclosure process after the borrower has submitted a complete loss mitigation application, unless the servicer notifies the borrower that she is not eligible for any loss mitigation option, the borrower rejects the offered loss mitigation option, or the borrower fails to perform under the agreed upon loss mitigation option. 12 C.F.R. § 1024.41(f)(2). Subsection (g) prohibits a loan servicer from foreclosing on a property in certain circumstances if the borrower has submitted a complete loss mitigation application 37 days or more before the foreclosure sale. 12 C.F.R. § 1024.41(g).

### a.   Plaintiff States a Claim that Defendant Did Not Follow the Requirements of § 1024.41 as to Her First Application

It is true that a "servicer is only required to comply with the requirements of this section for a single complete loss mitigation application for a borrower's mortgage loan account." 12

-11-

C.F.R. § 1024.41(i). Any allegations stemming solely from Plaintiff's second loan modification application, submitted in November 2014, are properly dismissed.

However, there is no evidence that Defendant complied with § 1024.41's requirements in evaluating Plaintiff's first application, submitted in December 2013. To the contrary, Plaintiff sufficiently alleges that Defendant violated requirements for loss mitigation procedures in handling the original application. She states that Defendant did not evaluate her for loss mitigation options and provide written notice within 30 days, as required. *See* Dkt. No. 1-2, p. 10, ¶ 42(a) (Pg. ID No. 19). Instead of evaluating Plaintiff and providing her with a proper denial or offer of modification, Plaintiff asserts that Defendant proceeded forth with a foreclosure sale. See id. at ¶ 42(c), (d). Defendant has not countered Plaintiff's allegations regarding the first application, arguing only that it had no obligation to comply with § 1024.41's requirements as to the second application. Although Defendant had no duty to provide Plaintiff with any specific loan mitigation option, 12 C.F.R. § 1024.41(a), Defendant was required to promptly evaluate and respond to Plaintiff's first loss mitigation application prior to noticing a foreclosure and selling the Property.

> **b.      Plaintiff's Requests for Arrears, Costs, and Attorney Fees Qualify as Actual Damages**

Defendant next argues that if the Court finds RESPA applies, then Plaintiff's claim fails for not seeking actual damages proximately caused by the servicer's alleged violation. *See* Dkt. No. 6, pp. 24–25 (Pg. ID No. 72–73). Defendant contends that RESPA does not permit the Court to issue an order to set aside the foreclosure sale or to require Defendant to evaluate Plaintiff's eligibility for a modification to her loan. RESPA specifically provides for relief in the form of "actual damages to the borrower as a result of the failure," statutory damages for "a pattern or

practice of noncompliance," attorney's fees, and the costs of a successful legal action. 12 U.S.C. § 2605(f).

The Court agrees that RESPA does not provide for injunctive relief. *See Caggins v. Bank of New York Mellon*, No. 15-cv-11124, 2015 WL 4041350, at *2 (E.D. Mich. July 1, 2015) ("There is no provision found in RESPA under which Plaintiff can seek to have foreclosure proceedings nullified, or force Defendants to negotiate a loan modification."). Plaintiff's requests to set aside the Sheriff's Sale and order the Defendant to conduct an evaluation are not permitted in a RESPA claim.

Accordingly, Plaintiff's relief under RESPA is limited to damages. The damages Plaintiff seeks include: "emotional damages, elimination of all arrearage added to Plaintiff's mortgage loan that resulted from Defendant's illegal activity, costs, attorney fees, the fair market value of Plaintiff's home, Plaintiff's down payment, and home equity." Dkt. No. 1-2, p. 12 (Pg. ID No. 21). However, Defendant asserts that the monetary relief Plaintiff seeks does not qualify as actual damages because she did not allege what the damages are or how they are traceable to Defendant's conduct. Dkt. No. 6, p. 26 (Pg. ID No. 74).

Although the Sixth Circuit has stated that actual damages under RESPA may include emotional damages, such an allegation must still meet the minimum pleading standards under RESPA. *See Houston v. U.S. Bank Home Mortgage Wisconsin Servicing*, 505 F. App'x 543, 548 (6th Cir. 2012) (remanding for a determination of damages where the plaintiff alleged she suffered "stress, mental anguish, embarrassment, and humiliation," because of the defendant's violation). Here, Plaintiff made a threadbare claim for "emotional damages" without any detail as to the symptoms or severity of the emotional distress or how Defendant allegedly caused these damages. *See Eichholz v. Wells Fargo Bank, NA*, No. 10-CV-13622, 2011 WL 5375375, at *5

-13-

(E.D. Mich. Nov. 7, 2011) ("Merely claiming to have suffered damages, without more, epitomizes conclusory pleading."). Therefore, Plaintiff has not properly pled emotional damages arising from Defendant's RESPA violation. *See Szczodrowski v. Specialized Loan Servicing, LLC*, No. 15-10668, 2015 WL 1966887, at *7–8 (E.D. Mich. May 1, 2015) (denying plaintiff's RESPA claim for failure to adequately plead actual damages where plaintiff alleged "emotional damages due to the stress" of a defendant's violation); *Eichholz*, No. 10-CV-13622, 2011 WL 5375375, at *5 (granting summary judgment in favor of defendant where the plaintiff's RESPA claim alleged that he suffered a "range of intense, negative emotions" instead of actual damages).

Plaintiff's alleged damages of "the fair market value of Plaintiff's home, Plaintiff's down payment, and home equity," similarly lack any factual allegations that tie them to Defendant's alleged violations. On their faces, the loss of each of these three items clearly resulted due to Plaintiff's own default. Even taking Plaintiff's allegations as true, the fact that Defendant did not properly evaluate Plaintiff's first application did not result in the Property being sold at a foreclosure sale. RESPA only granted borrowers the right to have their first loan mitigation application considered and to be notified promptly thereafter—it did not give borrowers the right to loan modifications and to maintain possession of properties upon which they defaulted.

Nonetheless, Plaintiff's requests for relief in the form of arrearage added to her loan as a result of Defendant's violation, costs, and attorney fees do state a valid claim for actual damages under RESPA. *See Braat v. Wells Fargo Bank, N.A.*, No. 1:15-cv-483, 2015 WL 5225604, at *2 (W.D. Mich. Sept. 8, 2015) (allowing a RESPA claim alleging damages of accrued "arrearage resulting from Defendant's actions and costs and attorney fees" to survive a motion to dismiss); *Billings v. Seterus*, No. 1:14–cv–1295, 2015 WL 1885627, at *3 (W.D. Mich. Apr.24, 2015) (denying dismissal of a RESPA claim alleging "monetary damages in the amount [plaintiff]

-14-

owes in arrears and costs and attorney fees"). Accordingly, Plaintiff's RESPA claim will be allowed to proceed based on these allegations of actual damages accruing from Defendant's violation of § 1024.41.

**C.     The Court Will Dismiss Plaintiff's Negligence Claim**

In Plaintiff's third count, she contends that Defendant owed her a duty under federal regulations to evaluate and respond to her applications for a loan modification, and that Defendant's "negligent mishandling" of her applications caused her injury. *See* Dkt. No. 1-2, pp. 12–14, ¶¶ 49–57 (Pg. ID No. 21–23). This claim is dismissed since Plaintiff failed to allege a duty owed to her by Defendant.

Under Michigan Law, a plaintiff must prove four elements to make a prima facie case of negligence: (1) a duty owed by a defendant to a plaintiff, or the public; (2) a breach of that duty; (3) the plaintiff suffered damages; and (4) the breach of duty caused the damages.[1] *Fultz v. Union-Commerce Associates*, 470 Mich. 460, 463, 683 N.W.2d 587, 590 (2004). Relying solely on *Mik v. Federal Home Loan Mortgage Corp.*, 743 F.3d 149 (6th Cir. 2014), Plaintiff asserts that a violation of federal law by itself can allow a plaintiff to bring a state law negligence claim. Dkt. No. 1-2, p, 13, ¶ 57 (Pg. ID No. 22).

Plaintiff's allegations fail to satisfy the first element of a negligence claim because she does not point to any case law that has previously recognized that federal regulations regarding loan modification impose a duty of care on the servicer or holder of the mortgage. In fact, the Sixth Circuit has explicitly rejected similar claims, finding that lenders have no duty of care to

---

[1] Causation is comprised of two separate elements: (1) cause in fact, and (2) legal, or proximate, cause. *Skinner v. Square D Co.,* 445 Mich. 153, 162–163, 516 N.W.2d 475 (1994).

evaluate loan modification applications under HAMP in Michigan. *Rush v. Mac*, 792 F.3d 600, 605 (6th Cir. 2015), *reh'g denied* (Aug. 12, 2015) ("Under Michigan law, a homeowner who has defaulted may not simply waive the contract and sue in negligence."). Consequently, as Plaintiff failed to show Defendant owed a duty of care to Plaintiff, Count III is dismissed.

**D.     The Court Will Dismiss Plaintiff's Breach of Contract Claim**

In Count IV, Plaintiff alleges that the Note and Mortgage on the Property constituted a contract between her and Defendant, and that Defendant breached an implied covenant of good faith and fair dealing when it: "[d]isingenuously negotiate[ed] loss mitigation assistance," "falsely den[ied] Plaintiff any assistance under the HAMP guidelines by failing to conduct a proper evaluation and … follow notice requirements," "fail[ed] to mitigate damages and properly process and evaluate Plaintiff for all home retention options," and "fail[ed] to notify the Plaintiff of an approval or denial of her request for assistance and proof Plaintiff was properly evaluated." *See* Dkt. No. 1-2, pp. 14–15, ¶¶ 58–62 (Pg. ID No. 23–24). Since state law does not allow for this claim, the Court will dismiss Plaintiff's Count IV.

"Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing." *Fodale v. Waste Mgmt. of Michigan, Inc.*, 271 Mich. App. 11, 35, 718 N.W.2d 827, 841 (2006) (citing *Belle Isle Grill Corp. v. Detroit*, 256 Mich. App. 463, 476, 666 N.W.2d 271 (2003)). Plaintiff cites to *Stephenson v. Allstate Ins. Co.*, 328 F.3d 822, 826 (6th Cir. 2003), for the principle that "[a]n implied covenant of good faith and fair dealing in the performance of contracts is recognized by Michigan law only where one party to the contract makes its performance a matter of its own discretion." However, that exception arises only when parties agree to defer decision on a particular term of the contract to one party. *See id*. at 826. Since loan modification fails to fall within this exception, Plaintiff's claim fails. *See Deming-*

-16-

*Anderson v. PNC Mortgage*, No. 15-CV-11688, 2015 WL 4724805, at *6 (E.D. Mich. Aug. 10,

2015) (dismissing a claim nearly identical to Plaintiff's). Accordingly, Count IV of Plaintiff's

Complaint is dismissed.

**E.     The Court Will Dismiss Plaintiff's Silent Fraud and Fraudulent Misrepresentation
         Claim**

In her final claim, Plaintiff alleges that Defendant made false statements that constituted

silent fraud fraudulent misrepresentation. Dkt. No. 1-2, pp. 15–16, ¶¶ 63–68 (Pg. ID No. 24–25).

She claims that these representations induced her to refrain from defending the foreclosure. *See*

*id*. at ¶ 68. This claim will also be dismissed because Plaintiff did not state sufficient facts upon

which relief could be granted.

> A claim for fraudulent misrepresentation requires a plaintiff show that:
>
> (1) the defendant made a material representation; (2) the representation was false;
> (3) when the defendant made the representation, the defendant knew that it was
> false, or made it recklessly, without knowledge of its truth as a positive assertion;
> (4) the defendant made the representation with the intention that the plaintiff
> would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff
> suffered damage.

*Bergen v. Baker*, 264 Mich. App. 376, 382, 691 N.W.2d 770, 774 (2004) (quoting *M & D, Inc. v.*

*McConkey*, 231 Mich. App. 22, 27, 585 N.W.2d 33 (1998); *M & D, Inc. v. McConkey*, 226 Mich.

App. 801, 806, 573 N.W.2d 281 (1997)). Additionally, under the silent fraud doctrine, a plaintiff

may establish a cause of action when the defendant suppressed material facts and there was a

legal or equitable duty of disclosure. *Id*. at 774–75. Furthermore, a party alleging fraud must

"state with particularity the circumstances constituting fraud" under Rule 9(b) of the Federal

Rules of Civil Procedure. *See also* Mich. Ct. R. 2.112(B)(1) (requiring allegations of fraud to be

stated with particularity).

In the Sixth Circuit, plaintiffs must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (quoting *Gupta v. Terra Nitrogen Corp.*, 10 F.Supp.2d 879, 883 (N.D. Ohio 1998)). "At a *minimum*, [p]laintiffs must allege the time, place and contents of the misrepresentations upon which they relied." *Id.* (emphasis added).

Plaintiff's allegations fail to provide the detail necessary to properly state a fraud claim. On the issue of silent fraud, Plaintiff does not state which, if any, material facts Defendant suppressed or even mention the Defendant's alleged duty of disclosure. Since Plaintiff has not pled a silent fraud claim, this allegation as part of Count V is properly dismissed.

Regarding fraudulent misrepresentation, Plaintiff's allegations also fall short of pleading requirements. Plaintiff does not provide the specific statements that were allegedly fraudulent, information as to why the statements were false, the time that these statements occurred, or the place where they were made. *See Derbabian*, 587 F. App'x at 953 (concluding the district court properly dismissed a claim of fraudulent misrepresentation where the plaintiffs did not "identify the exact speaker, the precise statement made, or the date when and the place where the statement was uttered."). In addition, Plaintiff never identifies any of the speakers upon whose statements she relied, stating in her response that their identities can be uncovered in discovery. *See* Dkt. No. 10, p. 23 (Pg. ID No. 219). If Plaintiff only sought specific names, to supplement factual allegations that included the content, time, and place of false representations, allowing her to flesh out her claim in discovery might be fair. However, based on the numerous broad and

nonspecific allegations,[2] the Court is not convinced that the circumstances of fraud were pled with enough specificity "to alert defendants to the particulars of the allegations against them so they can intelligently respond" and "whittle down potentially wide-ranging discovery to only relevant matters." *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 751 (6th Cir. 2014), *reh'g denied* (Dec. 24, 2014).

Although Plaintiff alleged facts that indicate she engaged in a long and drawn-out process in an attempt to obtain a loan modification, she has not articulated a plausible claim for fraudulent misrepresentation. Plaintiff did not allege that any of Defendant's representatives specifically promised her a loan modification under HAMP, only that she was led to believe that she would qualify. The Sixth Circuit has previously held that the stonewalling of a plaintiff's modification application does not give rise to a claim for misrepresentation, absent a pleading of a specific false promise upon which the plaintiff reasonably relied. *See Thompson*, 773 F.3d at 753. Thus, even taking the facts alleged as true, Defendant's conduct would not support a claim for fraudulent misrepresentation.

Even if Plaintiff had sufficiently alleged a claim of fraudulent misrepresentation—which she did not—it would be barred by the statute of frauds applicable to financial institutions. Mich. Comp. Laws § 566.132 (stating that a "promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan … or other financial accommodation" is void unless it is "in writing and signed with an authorized signature by the party to be charged"). "The language of this statute is unambiguous and should be read as an 'unqualified and broad

---

[2] Some of these allegations conflict with the facts pled earlier in Plaintiff's Complaint. For instance, she claims in Count V that Defendant assured her no foreclosure sale would take place, Dkt. No. 1-2, pp. 15–16 ¶ 64(c–d) (Pg. ID No. 24–25), while simultaneously claiming that Defendant told her in October and November 2014 that her home was scheduled for foreclosure sale on specific dates. *Id*. at ¶¶ 25, 29 (Pg. ID No. 15–16).

ban' of any claim—'no matter its label'—against a financial institution to enforce the terms of an

oral promise waiving a loan provision." *Williams v. Pledged Prop. II, LLC*, 508 F. App'x 465,

468-69 (6th Cir. 2012) (quoting *Crown Tech. Park v. D & N Bank, FSB*, 242 Mich. App. 538,

619 N.W.2d 66, 72 (2000)).

Even if Defendant's representatives had misrepresented that her application for mortgage

assistance was complete, that she qualified to receive a modification, or that Defendant would

delay the foreclosure sale until after the evaluation of Plaintiff's request for mortgage assistance,

these statements would qualify as "financial accommodation" that requires signed written

authorization. *See id*. at 469 (quoting *FEI Co. v. Republic Bank, S.E.*, No. 268700, 2006 WL

2313612, at *2 (Mich. Ct. App. Aug. 10, 2006); Mich. Comp. Laws § 566.132(2)(a)) ("[A]n

agreement to delay a foreclosure sale is an agreement to make a 'financial accommodation.' ");

*Goryoka v. Quicken Loan, Inc*., 519 F. App'x 926, 928 (6th Cir. 2013) (finding "allegations of

modification discussions were insufficient to avoid the foreclosure… unless the promise is

written and signed"). Since Plaintiff does not allege that Defendant's misrepresentations were in

writing, she cannot assert a claim for fraudulent misrepresentation. The Court will also dismiss

Count V of Plaintiff's Complaint.

### V. CONCLUSION

Accordingly, for the reasons discussed in detail above, the Court **GRANTS** in part and

**DENIES** in part Defendant's Motion to Dismiss [6]. **IT IS HEREBY ORDERED** that Counts I,

III, IV, and V of the Complaint [1] are **DISMISSED WITH PREJUDICE**. Plaintiff's remaining

claim under Count II, alleging violations of 12 C.F.R. § 1024.41, will be allowed to proceed.

IT IS SO ORDERED.

Dated: December 7, 2015

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge